# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 5, 2011

Lyle W. Cayce
Clerk

No. 10-30978
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FAVIAN HERNANDEZ, also known as Fabian Hernandez, also known as Artemio Ortiz Ramirez, also known as Isabel Munoz-Hernandez, also known as Isabel M. Hernandez,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-CR-105-1

Before JONES, Chief Judge, and JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Favian Hernandez pleaded guilty without the benefit of a plea agreement to illegal reentry following previous deportation. The district court sentenced Hernandez to 60 months of imprisonment and to a three-year term of supervised release. Hernandez contends that the 60-month sentence imposed by the district court was substantively unreasonable.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30978

The 60-month sentence challenged by Hernandez was the result of an upward variance from the Guidelines. *See United States v. Brantley,* 537 F.3d 347, 349 (5th Cir. 2008). Following *United States v. Booker*, 543 U.S. 220 (2005), our review of sentences is for reasonableness in light of the sentencing factors set forth in 18 U.S.C. § 3553(a). *See United States v. Mares*, 402 F.3d 511, 518-19 (5th Cir. 2005). Generally, we "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007). The Government argues, however, that Hernandez did not preserve his substantive reasonableness argument because he failed to object after the imposition of sentence. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). We need not decide the appropriate standard of review because, as explained below, the sentence is reasonable under any standard. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

The record indicates that the district court properly considered the § 3553(a) factors. The 60-month sentence reflected the seriousness of Hernandez's offense, the need to promote respect for the law, the need to provide just punishment, and the need to protect the public from future crimes. The sentence imposed "was reasonable under the totality of the relevant statutory factors." *Brantley*, 537 F.3d at 349 (internal quotation marks and citation omitted); *see also United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008). Accordingly, the judgment of the district court is AFFIRMED. *See Gall*, 552 U.S. at 51.